**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

**WISCONSIN LABORERS PENSION FUND,**
**WISCONSIN LABORERS HEALTH FUND,**
**WISCONSIN LABORERS APPRENTICESHIP**
**& TRAINING FUND, AND**
**KENT MILLER (in his capacity as Trustee),**

           **Plaintiffs,**

           **v.**                  **Case No.   25-cv-416**

**TRADE ACCESS, LLC dba ADVANTAGE SCAFFOLD**
**& LADDERS, LLC**

           **Defendant.**

---

**COMPLAINT**

---

      **NOW COME** the Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Christopher J. Ahrens and Alex J. Sterling, and as and for a cause of action against Defendant, allege and show to the court the following:

**Jurisdiction and Venue**

      1.    Jurisdiction of this Court upon Trade Access, LLC dba Advantage Scaffold & Ladders, LLC  ("Defendant" or "Trade Access" ) is founded upon section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132), in that the Plaintiffs are aggrieved by Defendant's violation of certain collective bargaining agreements, trust plans and trust agreements, and Defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby

violating the provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), and the terms and provisions of the employee benefit plans.

2.    Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Plaintiff's Funds are administered in Dane County, Wisconsin.

### Parties

3.    Plaintiffs Wisconsin Laborers Pension, Wisconsin Laborers Health Fund and Wisconsin Laborers Apprenticeship and Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the Trustees, participants and beneficiaries of the Funds. Said Funds maintain offices at 4633 LIUNA Way, Suite 201, DeForest, Wisconsin 53532.

4.    Plaintiff Kent Miller is a trustee and beneficiary of the Wisconsin Laborers Health Fund within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a Plaintiff in this action.  Mr. Miller maintains offices at 4633 LIUNA Way, Suite 101, DeForest, Wisconsin 53532.

5.    Defendant is a foreign limited liability company engaged in business, with principal offices located at 5261 Ashton Avenue NE, Fridley, Minnesota 55421. Its registered agent for process service is Scott Ingalls, 5261 Ashton Avenue NE, Fridley, Minnesota 55421.

### Facts

6.    Defendant is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7.     For all times relevant, Defendant was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements ("Labor Agreements") with the Wisconsin Laborers District Council ("Union").

8.     The Union represents, for purposes of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce within the meaning of Labor Management Relations Act ("LMRA") Sections 2(5), 9(a) and 301(a) (29 U.S.C. § 151, et seq.).

9.     The Labor Agreements described herein contain provisions whereby Defendant agreed to make timely payments to the Plaintiff Funds for each employee covered by said Labor Agreements.

10.    By execution of said Labor Agreements, Defendant adopted the trust agreements and amendments thereof which establish and govern the Plaintiff Funds and are necessary for their administration and designated as their representatives on the Board of Trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, thereby ratifying all actions already taken or to be taken within the scope of their authority.

11.    By virtue of executing the Labor Agreements, and adopting and assenting to all the terms and provisions of the trust agreements and the rules and regulations heretofore and hereafter adopted by the trustees of the Plaintiff Funds, Defendant has agreed as follows:

a.      to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the aforementioned Labor Agreements;

b.      to designate, and accept as its representatives, the trustees named in the declarations of trust and their successors;

c.      to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

d.      to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements and the rules so adopted;

e.      to pay liquidated damages and interest relative to delinquent contributions;

f.      to pay court costs, and attorneys' fees, should legal action be necessary to obtain delinquent contributions, interest, and liquidated damages; and

g.      to provide access to all books and records necessary to perform regular audits of Defendant's contributions to the Funds.

12.     Defendant has failed to fulfil its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to:

a.      making regular and timely payments to the Plaintiff Funds; and

b.      refusing to allow the Funds' auditor access to books and records necessary to perform an audit billing.

-4-

13.    ERISA § 502(g) (2), as amended by the MPPAA, provides:

(2)    In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of --

(i)    interest on the unpaid contributions, or

(ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

14.    ERISA § 515 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

15.     Despite demands that Defendant perform its statutory and contractual obligations, the Plaintiff Funds have ascertained that Defendant has failed, neglected, omitted, and refused to make its required payments. Defendant is now indebted to the Plaintiff Funds  as follows:

**Audited period October  1, 2019, through the present:**

| | |
|---|---|
| Wisconsin Laborers Pension Trust Fund | Unknown |
| Wisconsin Laborers Health Fund | Unknown |
| Wisconsin Laborers Apprenticeship & Training Fund | Unknown |

16. Despite demand from the Plaintiff Funds' auditor, Defendant has denied the Funds' auditor access to books and records needed to compile an audit for the period October 1, 2019 to the present.

### Claim One - Against Defendant Trade Access, LLC dba Advantage Scaffold & Ladders, LLC for Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17.     As and for a claim for relief against Defendant, Plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18.     Due demand has been made by Plaintiff Funds upon Defendant for payment of all sums due and owing, but Defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

19.     Because, as Plaintiffs are informed and believe, Defendant has not made timely and prompt contributions on behalf of all covered employees, the corpus of the Plaintiff Funds is reduced, the Plaintiff Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and

Plaintiffs' employee benefit plans have been violated, and Plaintiff Funds are entitled to all of the remedies provided by ERISA.

20.    Because Defendant has failed to make timely and prompt contributions, some of Plaintiff Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Defendant is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, Plaintiffs demand the following relief:

Judgment on behalf of the Plaintiff Fund's and against Trade Access:

A.    For unpaid contributions, interest, and liquidated damages owed to Plaintiffs for the period October 1, 2019, to the present;

B.    For unpaid contributions, interest, and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

C.    Reasonable attorneys' fees and the costs of this action.

2.    An order directing Trade Access to fully submit to an audit of the company's books and records by the Plaintiff Funds' auditor for the period October 1, 2019, to the present.

3.    The Court should retain jurisdiction pending compliance with its order.

4.     For such other, further, or different relief as the Court deems just and proper.

Dated this 21st day of May, 2025.

/s/Christopher J. Ahrens
Christopher J. Ahrens (SBN:1043237)
Alex J. Sterling (SBN:1107931)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100 MW
Milwaukee, WI 53203
414-223-0425 (Telephone)
414-271-6308 (Fax)
Email: cja@previant.com

Attorneys for the Plaintiffs